UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SAMETRIAS M. ARIAS,
    Plaintiff,

v.

AAA INSURANCE AGENCY, INC.,
    Defendant.

CIVIL ACTION NO.
12-11282 -DJC

**MEMORANDUM AND ORDER**

**CASPER, D. J.**                                                                                                               August 17, 2012

**I.    Introduction**

On June 29, 2012, plaintiff Sametrias M. Arias ("Arias") filed a Complaint pursuant to Title VII of the Civil Rights Act, against her employer, the AAA Insurance Agency ("AAA"). Arias asserts both racial discrimination and hostile work environment.

In brief, Arias claims that AAA imposed quotas on black insurance agents that were not imposed on non-black agents. She alleges that these quotas affected employee bonuses and she suffered economic loss as a result. Arias also claims her work was checked each quarter by the AAA underwriting team, more often than the checks on her Caucasian peers. Further, Arias claims that AAA rejected her request for vacation time because she did not give two weeks' advance notice of the request; however, she claims that AAA did not have such a vacation policy in effect and this tactic simply was meant to harass her. Next, Arias disputes her negative performance evaluation and claims her placement on performance probation was done because her supervisor did not know how to do her job and Arias knew the job duties well.

Additionally, Arias claims that there was an incident where an insured sent a check to AAA as a payment for renter's insurance; however, the check was misdirected to another branch, causing

the insured to get very upset. Arias had no explanation for this misdirected check. She claims that other AAA workers were attempting to undermine the trust held in her by her customers and that they attempted to sabotage her relationship with other customers.

Finally, Arias indicates that she received a disciplinary warning for being late eleven times in October 2009. She alleges she received this warning was in retaliation for complaints of discrimination.

On August 9, 2012, Arias filed a motion for appointment of counsel (D. 7) requesting that this Court appoint *pro bono* counsel because she is unemployed and cannot afford to retain counsel. Arias claims she attempted to obtain counsel on her own, but was unable to do so.

## II.    Discussion

Under 28 U.S.C. §1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). When determining whether to appoint counsel to an indigent litigant under § 1915, the Court should consider: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*); see also Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988). Ultimately, Arias "must demonstrate that [she is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on [her] due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (brackets added).

At this juncture, the Court credits that Arias has made a good faith effort to retain her own counsel and that she cannot afford to do so. Nevertheless, without a response from AAA, this Court cannot gauge adequately the merits of Arias's claims nor can this Court find that there are

exceptional circumstances warranting the expenditure of scarce *pro bono* resources.

Accordingly, Arias's motion for appointment of counsel (D. 7) will be <u>DENIED</u> without prejudice to renew <u>after</u> the defendant has filed a responsive pleading, upon good cause shown by Arias that this case presents exceptional circumstances justifying the appointment of *pro bono* counsel.

## III. Conclusion

Based on the foregoing, Arias's motion for appointment of counsel (D. 7) is <u>DENIED</u> without prejudice to renew <u>after</u> the defendant has filed a responsive pleading.

SO ORDERED.

/s/ Denise J. Casper<br>
Denise J. Casper<br>
U.S. District Judge